**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|   |   |   |
|---|---|---|
| B2 OPPORTUNITY FUND, LLC, DIRECTLY AND AS ASSIGNEE OF ZNERGY, INC., F/K/A MAZZAL HOLDING CORP., a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> NISSIM S. TRABELSI, A/K/A SHAWN TELSI, INDIVIDUALLY AND AS TRUSTEE OF THE MAZZAL TRUST, ET. AL. <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:17-CV-10043-RGS |

**PLAINTIFF B2 OPPORTUNITY FUND LLC'S OPPOSITION TO TRABELSI DEFENDANTS' FIFTH MOTION TO EXTEND TIME TO ANSWER COMPLAINT**

Plaintiff B2 Opportunity Fund, LLC ("Plaintiff"), directly and as claim assignee of Znergy, Inc., f/k/a Mazzal Holding Corp., a Nevada corporation, respectfully submits this Opposition to the Emergency Motion to Extend Time For Defendants Nissim S. Trabelsi, a/k/a Shawn Telsi, Individually and as Trustee of the Mazzal Trust, a/k/a The Mazzal Living Trust, The Bany's Living Trust; Aliza Trabelsi, Individually and as Trustee of the Bany's Living Trust; Mazzal Holding Corporation, a Massachusetts corporation; and Magnolia Road LLC to Answer Plaintiff's Verified First Amended Complaint Until May 17, 2017, Dkt. No. 108 (the "Motion", and the Defendants for whom it was filed are hereinafter called the "Trabelsi Defendants").

In support of this Opposition, Plaintiff B2 respectfully shows this Court as follows:

1

1. This is the Trabelsi Defendants' fifth request for an extension of the date to file an Answer to Plaintiff's Verified First Amended Complaint, Dkt. No. 77.  *See* prior motions at Dkt. Nos. 84, 89, and 99, and 105.

2. The Motion's L.R. 7.1 Certificate is both deceptive and false.

3. That Certificate states,

    "I, Roberta Golden, Assistant to Gershon M. Gulko, certify that I communicated via electronic email with Plaintiffs' counsel regarding the request for an extension on May 11, 2017 and that said counsel informed this office that he will promptly respond by filing a limited assent to this motion with certain additional points that was done by Plaintiffs' counsel with the caveat that he would not assent to a further extension."

4. Since L.R. 7.1 requires that no motion shall be filed "unless counsel certify that they have conferred…" this Certificate initially, read quickly, deceptively makes it appear that there was a conference about the instant Motion ("with counsel about the request for an extension…").

5. The L.R. 7.1 Certificate then falsely states that "said counsel [referring to undersigned counsel] informed this office that he will promptly respond by filing **a limited assent to this motion**…" (bolding provided).

6. In fact, neither attorney Gulko nor Ms. Golden ever communicated with undersigned counsel about this current Motion, Dkt. No. 108, and undersigned counsel never communicated that he would file a limited assent to it.

7. On this basis alone, the Trabelsi Defendants' Motion should be denied.

8. This is especially true, in light of the Court's prior Orders.

9. When the Court granted the Trabelsi Defendants' third assented-to motion for extension, the Court specifically noted, "No further extensions of this deadline should be expected." *See* Dkt. No. 100.

10. When the Court granted the Trabelsi Defendants' fourth motion for extension, the Court specifically noted, "No further extensions." See Dkt. No. 107.

11. The latest Motion relies on allegations that attorney Gulko's unnamed paralegal has been sick with the flu and is having major computer problems. *See* Dkt. No. 108 at 3.

12. Notably, other extension motions filed by attorney Gulko for the Trabelsi Defendants have relied on various circumstances involving his paralegal, who is not named in those motions, either.

13. For example, in a motion to extend the time to respond to Plaintiff's Emergency Motion for Temporary Restraining Order filed on February 9, 2017, attorney Gulko asserted that his paralegal "developed problems with her computer…" and that he "relies upon his paralegal for the preparation and service of all of his pleadings." *See* Dkt. No. 25 at 2.

14. In a motion to extend time for the Trabelsi Defendants to Answer [Plaintiff's Original] Complaint filed on March 21, 2017, attorney Gulko alleged that he was "assisted only by a paralegal and, who this day has developed a case of bronchial pneumonia. This counsel relies only upon the assistance of his paralegal for the preparation of documents." Dkt. No. 64 at 2, ¶ 3 (bolding not shown).

15. In the Trabelsi Defendants' third motion for extension to respond to Plaintiff's First Amended Complaint filed on May 5, 2017, attorney Gulko stated that his paralegal had a death in the family and that he "relies only upon the assistance of his paralegal for the preparation of documents." *See* Dkt. No. 99 at 2, ¶ 3 (bolding not shown).

16. However, in his Motion for Extension in a matter before the United States Bankruptcy Court, *Jacques Mitri v. Aurora Loan Services, LLC, et al.*, (CA #15-14178) filed on or about March 24 of this year, attorney Gulko confirmed that Roberta Golden is his paralegal by asserting his paralegal's diagnosis of bronchial pneumonia by a physician in the motion and then attaching an alleged physician's letter discussing treatment of Roberta Golden.  *See* Exhibit A hereto.

17. Presumably that is the same Roberta Golden who provided the L.R. 7.1 Certificate as attorney Gulko's "assistant" in the current Motion without mentioning that she is also attorney Gulko's paralegal.

18. Thus, while attorney Gulko through his paralegal, Roberta Golden, asserts that he could not file an Answer timely after four extensions because, *inter alia*, his paralegal has been sick with the flu and has major computer problems, that same paralegal, Roberta Golden, provided the LR 7.1 Certificate of Conference and the Certificate of Service on the extension Motion (in each case certifying, "I, Roberta Golden, Assistant to Gershon M. Gulko, certify [or hereby certify]…..") and thus apparently filed and served the Motion (consistent with his prior statement that he relies on her for "the preparation and service of all of his pleadings."). *See* paragraph 13 above.

19. In view of the deceptiveness involved in the Trabelsi Defendants' fifth motion for extension, including without limitation a false and deceptive L.R. 7.1 Certificate, Plaintiff B2 respectfully requests that this Court deny such Motion in all respects and enter a default judgment in favor of Plaintiff B2 and against the Trabelsi Defendants on liability.

WHEREFORE, Plaintiff B2 respectfully opposes the Trabelsi Defendants' fifth motion for extension to file an answer to Plaintiff's Verified First Amended Complaint, Dkt. No. 108,

and requests that this Court: (a) deny such Motion in all respects; and (b) enter a default judgment on liability in favor of Plaintiff B2 and against the Trabelsi Defendants.  Plaintiff B2 respectfully seeks such other and further remedies and protections to which this Court may find it justly entitled.

Dated: May 16, 2017.

                                            Respectfully submitted,

                                            PLAINTIFF B2 OPPORTUNITY FUND, LLC
                                            Directly and as Assignee of Znergy, Inc., f/k/a
                                            Mazzal Holding Corp., a Nevada corporation

                                            By its counsel,

                                            NEELON, ANDREWS & LEVIN, LLC
                                            35 Braintree Hill Office Park, Suite 201
                                            Braintree, MA 02184
                                            Ph: (781) 590-2000
                                            Fax:(781) 817-4434


                                            By: /s/ Daniel P. Neelon
                                                  Daniel P. Neelon, Esq., BBO # 565624
                                                  dneelon@bostonilg.com

                                            By: /s/ Caroline Schmittdiel
                                                  Caroline Schmittdiel, Esq., BBO #682935
                                                  cbs@bostonilg.com


**CERTIFICATE OF SERVICE**

      I, Daniel P. Neelon, hereby certify that on this 16th day of May, 2017, I served a copy of the foregoing document through the Court's ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those identified as non-participants on this date.

                                                                /s/ Daniel P. Neelon