UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10043-RGS

B2 OPPORTUNITY FUND, LLC

v.

NISSIM TRABELSI ET AL.

MEMORANDUM AND ORDER ON
MOTION TO WITHDRAW AND
MOTION FOR LEAVE TO FILE ELECTRONICALLY

June 29, 2017

STEARNS, D.J.

This order assumes familiarity with the procedural background outlined in the companion order issued today, *see* Dkt #153, and the factual background described in the court's preliminary injunction order, *see B2 Opportunity Fund, LLC v. Trabelsi*, 2017 WL 1196645 (D. Mass. Mar. 30, 2017).

Counsel for the Trabelsi Defendants has moved to withdraw from the case, citing a breakdown in communication with his clients. In a normal situation, the court would grant such a motion without hesitation. The court has delayed, however, because of concerns about counsel's filings in this case.

In its Complaint, B2 alleged that "Shawn Telsi" was merely an alias for Nissim Trabelsi, and that the Telsi alias was a critical feature of a stock fraud scheme. In opposing B2's motion for a temporary restraining order, counsel submitted an affidavit from Nissim in which he stated that he changed his name to Shawn Telsi in 1989 when he became a U.S. citizen. Dkt #10-1, ¶ 2. He also averred that he had "received and exchanged text messages with Peterson talking about the difficulties releasing the ten million shares held by me under my assumed name, that is, Shawn Telsi." *Id.* ¶ 10. The court issued a TRO based in part on this understanding. *See* Dkt #29. Thereafter, counsel filed the Trabelsi Defendants' answer to the original Complaint, which acknowledged that Nissim "is a/k/a Shawn Telsi." Dkt #66, ¶ 8. Once again, the court relied on this representation, noting in its order granting B2 a preliminary injunction that "[Nissim] Trabelsi admitted, first in his briefing on the TRO and subsequently in his answer to the Complaint, that he sometimes uses the name Shawn Telsi in transactions." *B2 Opportunity Fund*, 2017 WL 1196645, at *2.

After B2 filed its Amended Complaint, however, Nissim apparently attempted to backtrack. In the answer to the Amended Complaint, Nissim now "admits that he is a/k/a Shawn Telsi, however, Defendant states further that he is the authorized representative of said Shawn Telsi who is from

2

Israel." Dkt #112, ¶ 8. Further, among the facts alleged in his prospective counterclaims is the assertion that "Nissim had a chain of text messages with [B2 CEO Peter] Peterson, clearly discussing the difficulties releasing the 10 million shares held by Shawn Telsi, who is an Israeli citizen and was one of the original investors. In fact, Nissim was authorized by Shawn to act on his behalf in the United States for the investments." *Id*. ¶ 10. This assertion cites to Exhibit E of the answer, which is a completely unrelated form that does nothing to demonstrate that Shawn Telsi is a real person. Dkt #112-5. No other exhibit attached to the answer appears relevant to this assertion. Finally, in opposition to the motions to strike, counsel filed another affidavit from Nissim stating (insofar as relevant to this issue) that he has "read the contents of all of the pleadings and exhibits submitted on my behalf by my attorney" and that all the statements in those pleadings "are true to the best of my knowledge." Dkt #149-1; #150-1.

Federal Rule of Civil Procedure 11(b)(3) states that each time an attorney files a document with this court, he warrants that "the factual contentions have evidentiary support." The representations made to this court about the relationship between Telsi and Nissim are plainly contradictory. In particular, the assertion that Nissim personally held the shares "under [his] assumed name, that is, Shawn Telsi," is incompatible

3

with the assertion that he was acting as the representative of a separate individual by that name. This apparent dissimulation on a key point is particularly troubling in light of other features of the answers. In both answers, virtually every paragraph professes either a lack of knowledge sufficient to respond to B2's allegations or states that allegations which mention documents B2 attached to its Complaint speak for themselves "and, thus, such allegations are denied." This includes many paragraphs making allegations about Nissim's personal conduct which he presumably should be able to admit or deny. *See, e.g.*, Dkt #112, ¶ 37 (response to allegation describing what shares Nissim held at the time of a stock exchange agreement); ¶¶ 86-88, 125 (response to allegations about Nissim's transfer or failure to transfer shares as contemplated in the agreement); ¶ 162 (response to allegation that Nissim sold shares between February of 2016 and January of 2017); ¶ 176 (response to allegation that Nissim sold additional shares after B2 requested a TRO). These statements, too, raise the possibility of violations of Rule 11(b)(4), which requires that an attorney verify that "denials of factual contentions . . . are reasonably based on belief or lack of information."

In light of these filings, counsel for the Trabelsi Defendants is ordered to show cause no later than July 13, 2017, why sanctions should not issue

4

against him under Rule 11 or the court's inherent powers. *See* Fed. R. Civ. P. 11(c)(3); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47 (1991). Counsel's motion to withdraw will be granted, but that does not relieve him of the duty to respond to the show cause order. *See* Charles Alan Wright et al., *Federal Practice & Procedure* § 1337.1 ("Given the fact that violative conduct is sanctionable at the time the offending papers are filed or improper representations regarding them are made, the attorney remains subject to sanctions regardless of his continuing involvement in or withdrawal from the litigation, thereafter.").

After counsel filed his motion to withdraw, Nissim moved for permission to file electronically, apparently intending to proceed *pro se* for the time being. Although the court believes this is ill-advised, Nissim is permitted to do so in his personal capacity. *See* D. Mass. Local R. 83.5.5(a). However, in light of the contradictory statements from Nissim already present on the record, he is reminded that *pro se* litigants are bound by the Federal Rules of Civil Procedure (including Rule 11) and the Local Rules. *See id.* 83.5.5(d); *FDIC v. Anchor Props.*, 13 F.3d 27, 31 (1st Cir. 1994). He also remains obligated to comply with the preliminary injunction entered against him by this court. *See* Dkt #72.

Nissim's motion will be denied, however, to the extent he seeks to represent other entities in this suit. Nissim's motion is purportedly on behalf of three other categories of defendants previously combined under the Trabelsi Defendant banner and originally represented by the same counsel: 1) himself in his capacity as trustee of the Mazzal Trust and The Bany's Living Trust; 2) his wife, Aliza Trabelsi, both individually and in her capacity as trustee of The Bany's Living Trust; and 3) two corporate entities, Mazzal Holding Corp. and Magnolia Road, LLC.

The Local Rules are clear that *pro se* litigants "may not represent any other party." D. Mass. Local R. 83.5.5(b). In addition, "[a] corporation, partnership, limited liability company, trust, estate, or other entity that is not an individual may not appear *pro se*," except in limited circumstances not applicable to this case. *Id*. 83.5.5(c). Nissim therefore cannot represent any of the other entities listed on his motion, but may represent only himself in his personal capacity. The other entities — Mazzal Trust, The Bany's Living Trust, Mazzal Holding Corp., and Magnolia Road, LLC — will have thirty days to retain counsel to represent their interests in this proceeding. Aliza Trabelsi should, within thirty days, either retain counsel or express her intention to proceed *pro se* in her individual capacity only (not as trustee of The Bany's Living Trust).

ORDER

For the foregoing reasons, counsel's motion to withdraw (Dkt #127) is GRANTED, but he is ordered to SHOW CAUSE why he should not be subject to sanctions under Rule 11 or this court's inherent power by July 13, 2017. Nissim's motion for leave to file electronically (Dkt #145) is GRANTED IN PART AND DENIED IN PART. Nissim may represent himself individually only. The artificial entities — Mazzal Trust, The Bany's Living Trust, Mazzal Holding Corp., and Magnolia Road, LLC — must be represented by new counsel no later than July 31, 2017. Aliza Trabelsi must either retain counsel or inform the court of her intention to proceed *pro se* in her individual capacity no later than July 31, 2017.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE