UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10043-RGS

B2 OPPORTUNITY FUND, LLC

v.

NISSIM TRABELSI ET AL.

STATEMENT OF RESONS IN SUPPORT
OF RULING ON VSTOCK'S MOTION FOR ENTRY
OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)

November 30, 2017

STEARNS, D.J.

On October 6, 2017, this court granted defendant VStock Transfer LLC's Motion for Entry of Separate and Final Judgment pursuant to Fed. R. Civ. P. 54(b), finding no just reason for delay, Dkt #181. B2 subsequently appealed that order to the Court of Appeals for the First Circuit[1], along with this court's previous ruling granting VStock's Motion to Dismiss, *see B2 Opportunity Fund, LLC v. Trabelsi et al.*, 2017 WL 4684028 (D. Mass. Oct. 18, 2017).[2] On November 29, 2017, the Court of Appeals retained jurisdiction

---

[1] *See* USCA No. 17-2072.

[2] In that opinion, the court provided a detailed factual overview of the events that gave rise to this dispute, and the court need not repeat those facts in this order.

of B2's appeal, but remanded the case to this court for the limited purpose of providing a statement of reasons in support of its entry of judgment pursuant to Fed. R. Civ. P. 54(b). *See Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir. 1988) (noting that in granting such a motion, the district court "should ordinarily make specific findings setting forth the reasons" for entry of separate and final judgment).

Rule 54(b) "permits the entry of final judgment as to fewer than all the parties or claims in a multi-party action, thus clearing the way for earlier-than-usual appeals, 'upon an express determination that there is no just reason for delay' in entering judgment." *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 579 (1st Cir. 1994) (quoting the Rule). The First Circuit uses a two-step approach in determining whether entry of separate and final judgment is appropriate. "First, the ruling underlying the proposed judgment must itself be final in the sense that it disposes completely either of all claims against a given defendant or of some discrete substantive claim or set of claims against the defendants generally." *Id.* at 580. That requirement is satisfied with respect to VStock: the only claims in the case brought against VStock were dismissed in their entirety by this court's October 18, 2017, order. *See Trabelsi*, 2017 WL 4684028 (dismissing B2's

10b-5 claim for failing to adequately plead scienter and dismissing B2's remaining state law claims against VStock for lack of personal jurisdiction).

"Once the finality hurdle has been cleared, the district court must determine whether, in the idiom of the rule, 'there is no just reason for delay' in entering judgment." *Spiegel*, 843 F.2d at 43. As the First Circuit has noted, "[t]he second step of the *Spiegel* pavane is harder to master. It requires tracing the interrelationship between, on one hand, the legal and factual basis of the claims undergirding the proposed judgment (*i.e.,* the jettisoned claims), and on the other hand, the legal and factual basis of the claims remaining in the case." *Maldonado-Denis*, 23 F.3d at 580. In *Spiegel*, while recognizing that "the integers which comprise this calculus will vary from case to case," the First Circuit cited a Third Circuit opinion which it found to provide a "general compendium" of factors "helpful as a guide." *Spiegel*, 843 F.2d at 23 n.3 (citing *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F2d 260, 364 (3d Cir. 1975)). *Allis-Chalmers*, in turn, suggested that the following factors might prove relevant:

> [T]he relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations,

3

shortening the time of trial, frivolity of competing claims, expense, and the like.

*Allis-Chalmbers,* 521 F.2d at 364.

The court is of the view that all of these factors counsel in favor of an immediate entry of judgment for VStock and a corresponding certificate of appealability to B2 for its claims against VStock under Rule 54(b). The allegations of this case center on an alleged stock fraud perpetrated by Nissim Trabelsi. Following the court's grant of VStock's Motion to Dismiss[3], the only remaining claims in the case are claims against Trabelsi, his wife, and various artificial entities controlled or operated by Trabelsi.[4] These claims include: (1) a 10b-5 claim against Trabelsi for securities fraud; (2) common-law fraud claims against Trabelsi and his wife, Aliza, both

---

[3] In an earlier order, the court dismissed a series of claims against another group of defendants – attorney C. Parkinson Lloyd and his Utah law firm, Kirton McConkie, P.C. – for lack of personal jurisdiction. *See B2 Opportunity Fund v. Trabelsi,* 2017 WL 3707383 (D. Mass. Aug. 28, 2017).

[4] At the present time, this court lacks jurisdiction over those claims because Trabelsi filed a Notice of Appeal in the Court of Appeals on July 25, 2017. *See* USCA 17-1715. That appeal challenged a ruling by this Court striking portions of Trabelsi's answer that sought to add counterclaims and cross-claims against the lawyer defendants and against B2, *see* Dkt #153. B2 moved to dismiss that appeal on July 28, 2017, arguing that "(1) the order appealed from is not a final decision on the merits; (2) the District Court did not order an entry of judgment as to fewer than all claims for all parties pursuant to Fed. R. C. P. 54(b); and (3) the order appealed from is not a collateral or interlocutory order reviewable under any exception to the finality rule." *See* USCA No. 17-1715. The First Circuit has yet to take any action on the motion to dismiss the appeal.

individually and as Trustees of the Mazzal Living Trust; (3) conversion; (4) specific performance under an ill-fated Stock Purchase Agreement that was intended to govern the transactions in dispute; (5) breach of contract against Trabelsi; (6) a declaratory judgment concerning real property in Taunton, Massachusetts, allegedly belonging to Trabelsi; (7) unjust enrichment; and (8) Mass. Gen. Laws ch. 93A claims against both Trabelsis as individuals and as trustees.

This court, in granting VStock's Motion to Dismiss, ruled that there was no support in the record for B2's theory that VStock was in cahoots with Trabelsi to commit securities fraud, and rejected B2's other theories purporting to show the requisite scienter on the part of VStock. The remaining claims against Trabelsi have nothing to do with VStock because they concern Trabelsi himself or properties or assets owned by Trabelsi and his wife, Aliza, both individually and in trust. Similarly, there is no possibility "that the need for review [in the Court of Appeals] might . . . be mooted by future developments in the district court," because any future proceedings against the Trabelsi defendants (following the resolution of their current appeal in the First Circuit) will not affect VStock, which has been dismissed as a party.

Additionally, there are no counter-claims or cross-claims involving VStock that "could result in set-off against the judgment sought to be made final."[5] The judgment at issue is VStock's dismissal as a party, rather than a monetary judgment. Finally, this ruling allows B2 the opportunity to appeal this court's ruling on the securities claim and personal jurisdiction issues with respect to VStock without waiting for the resolution of Trabelsi's unrelated and eccentric cross-claims and counterclaims. *See Allis-Chalmbers,* 521 F.2d at 364 (noting that "miscellaneous factors" to consider may include "frivolity of competing claims").

The court therefore finds that "there is no just reason for delay," Fed. R. Civ. P. 54(b), and that this case presents the paradigmatic example of where a "decision[] in a multi-claim action should be sent upstairs immediately." *Spiegel*, 843 F.2d at 43.

                SO ORDERED.

                /s/ Richard G. Stearns
                _____
                UNITED STATES DISTRICT JUDGE

---

[5] By contrast, Trabelsi sought to file cross-claims against Lloyd and KMC, the lawyer defendants. These claims are currently before the First Circuit in the related appeal, and for this reason the court, in a separate order (Dkt #193), has denied Lloyd and KMC's Motion for Entry of Separate and Final Judgment without prejudice for lack of jurisdiction.